UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

MARTEZ DEANDREW MILLER,

        Plaintiff,

v.

UNKNOWN BRONIS,

        Defendant.
_____/

Case No. 1:25-cv-830

Honorable Sally J. Berens

**OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. The Court will grant Plaintiff leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States Magistrate Judge. (ECF No. 1, PageID.4.)

This case is presently before the Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court is required to conduct this initial review prior to the service of the complaint. *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997).

Service of the complaint on the named defendants is of particular significance in defining a putative defendant's relationship to the proceedings. "An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is

fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) ("Pursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal.").

Here, Plaintiff has consented to a United States Magistrate Judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c). Because the named Defendant has not yet been served, the undersigned concludes that he is not presently a party whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way he is not a party who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a consent

2

from the defendants[; h]however, because they had not been served, they were not parties to this action at the time the magistrate entered judgment.").[1]

Under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's Fourteenth Amendment informational privacy claim for failure to state a claim.

## Discussion

### I.     Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Oaks Correctional Facility (ECF) in Manistee, Manistee County, Michigan. The events about which he complains occurred at that facility. Plaintiff sues Corrections Officer Unknown Bronis.

Plaintiff alleges that on February 9, 2025, Defendant Bronis took Plaintiff's health care request, in which Plaintiff sought emergency dental care for serious tooth pain that was interfering with Plaintiff's ability to eat his meals. (Compl., ECF No. 1, PageID.3.) Plaintiff asked Defendant

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States Magistrate Judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

Bronis to leave the health care request so that it could be taken by medical staff. However, Defendant Bronis disregarded Plaintiff's request and took the form. (*Id.*)

Plaintiff states that he never received a callout, and finally on March 19, 2025, Plaintiff submitted a second kite. (*Id.*) Plaintiff was called out on March 20, 2025, and was told by staff in the dental office that they never received the previous kite. (*Id.*) Plaintiff was also told by other staff in the housing unit that there is no health care box in Unit 5. (*Id.*)

Plaintiff states that Defendant Bronis violated the Eighth Amendment when he forced Plaintiff to go without necessary dental care and to suffer unnecessary pain and suffering for more than a month. Plaintiff also asserts that Defendant Bronis violated his Fourteenth Amendment right to informational privacy when he took Plaintiff's medical request, which contained confidential medical information. Plaintiff seeks damages.

## II.    Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because Section 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under Section 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. Fourteenth Amendment

As noted above, Plaintiff claims that Defendants disclosed his personal information in violation of his right to privacy under the Fourteenth Amendment.

> Two types of interests have been identified by the Supreme Court as protected by the right to privacy that is rooted in the substantive due process protections of the Fourteenth Amendment. One is the interest in "independence in making certain kinds of important decisions." *Whalen v. Roe*, 429 U.S. 589, 599–600 & n.26 (1977) (noting that these decisions have been characterized as dealing with "matters relating to procreation, marriage, contraception, family relationships, and child rearing and education." (quoting *Paul v. Davis*, 424 U.S. 693, 713 (1976)). The other type of privacy interest applicable to individuals is the "interest in avoiding disclosure of personal matters." *Id.* at 599, 603–04 (recognizing that a statute requiring that the state be provided with a copy of certain drug prescriptions implicated the individual's interest in nondisclosure, but upholding the law because the statute contained adequate security measures); *Nixon v. Adm'r of Gen. Servs.*, 433 U.S. 425, 465 (1977) (assuming that President Nixon had a legitimate expectation of privacy in his private communications, but upholding a federal law that provided for the review and classification of presidential materials by professional archivists).

5

*Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008). Plaintiff's claim implicates the latter interest, i.e. the "individual's right to control the nature and extent of information released about that individual," which "has been coined an informational right to privacy." *Bloch v. Ribar*, 156 F.3d 673, 683 (6th Cir. 1998).

In *J. P. v. DeSanti*, 653 F.2d 1080 (6th Cir. 1981), the Sixth Circuit reviewed the Supreme Court's opinions regarding the right to privacy, including *Whalen*, *Nixon*, and *Paul*, and concluded that "the Constitution does not encompass a general right to nondisclosure of private information." *Id*. at 1087–90. The court declined to "recognize a general constitutional right to have disclosure of private information measured against the need for disclosure," reasoning that "[t]he Framers . . . cannot have intended that the federal courts become involved in an inquiry nearly as broad balancing almost every act of government . . . against its intrusion on a concept so vague, undefinable, and all-encompassing as individual privacy." *Id*. at 1089–90. Consequently, the Sixth Circuit restricts the constitutional right to informational privacy to "those personal rights that can be deemed 'fundamental' or 'implicit in the concept of ordered liberty.'" *Id*. at 1090 (citations omitted). "Only after a fundamental right is identified should the court proceed to the next step of the analysis—the balancing of the government's interest in disseminating the information against the individual's interest in keeping the information private." *Lambert*, 517 F.3d at 440.[2]

---

[2] In contrast to the Sixth Circuit, other circuits hold that the disclosure of some kinds of personal information requires the court to balance the government's interests in disclosure against the individual's interest in avoiding disclosure. *See*, *e.g.*, *Barry v. New York*, 712 F.2d 1554, 1559 (2d Cir. 1983); *Fraternal Order of Police v. Philadelphia*, 812 F.2d 105, 110 (3d Cir. 1987); *Woodland v. Houston*, 940 F.2d 134, 138 (5th Cir. 1991) (per curiam); *In re Crawford*, 194 F.3d 954, 959 (9th Cir. 1999). Although the Supreme Court has contrasted the holding in *DeSanti* with the approach taken in the foregoing opinions, the Court declined to clarify the scope of a constitutional right to informational privacy. *See NASA v. Nelson*, 562 U.S. 134, 144-48 & n.9 (2011) (assuming, without deciding, that such a right existed in that case).

In this case, Plaintiff merely asserts that Defendant Bronis took his health care request but did not deliver it to health care. Plaintiff does not allege that Defendant disclosed the information contained in the request to any other individuals, or even state that Defendant read the request. While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555. The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. The court need not accept "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . ." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Because Plaintiff's claim that Defendant violated his right to informational privacy is entirely conclusory, it is properly dismissed for failure to state a claim.

### B. Eighth Amendment

Plaintiff claims that Defendant Bronis violated his Eighth Amendment right to receive necessary dental care when he took Plaintiff's health care request and did not submit it to health care. The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 97, 103–04 (1976). The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Id.* at 104–05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

Deliberate indifference may be manifested by a doctor's failure to respond to the medical needs of a prisoner, or by "prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. Regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." *Estelle*, 429 U.S. at 104–05.

However, Plaintiff's allegations are conclusory. He does not allege the exact nature of his dental condition, and his underlying assumption that Defendant did not pass on the healthcare request requires an inferential leap. Nonetheless, the inference he invites is not entirely unreasonable. The Court notes that when he submitted his second health care request, he was seen within one day. Plaintiff also alleges that his dental problem interfered with his ability to eat meals. Therefore, at this point in the litigation, Plaintiff has alleged sufficient facts to state an Eighth Amendment claim against Defendant Bronis.

## **Conclusion**

The Court will grant Plaintiff leave to proceed *in forma pauperis*. Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's Fourteenth Amendment claim against Defendant Bronis will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Plaintiff's Eighth Amendment claim against Defendants Bronis remains in the case.

An order consistent with this opinion will be entered.

Dated:   August 18, 2025                              /s/ Sally J. Berens
                                                      SALLY J. BERENS
                                                      United States Magistrate Judge